NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRED L. FREDRICK-BEY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3165

---

Petition for review of the Merit Systems Protection Board in case no. DC0752110799-I-1.

---

Decided: February 8, 2013

---

FRED L. FREDRICK,-BEY, of Temple Hills, Maryland, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge, and* REYNA, *Circuit Judge,
and* DAVIS, *Chief District Judge.**

PER CURIAM.

Petitioner Fred L. Frederick-Bey seeks review from a
final decision of the Merit Systems Protection Board (the
"Board") dismissing his appeal as withdrawn. Because
Petitioner voluntarily withdrew his appeal after being
informed of the consequences, we affirm.

I

After Petitioner was removed from his position as a
meat cutter at an Arlington facility of the Department of
Defense (the "agency"), he filed an appeal with the Board.
An administrative judge ("AJ") held a hearing at which
Petitioner represented himself. During Petitioner's cross-
examination of a witness, the AJ ordered Petitioner to
move on to a different line of questioning. Petitioner
objected, and the AJ informed him that his objection was
noted for the record, and that he could petition for review
if he was dissatisfied with the ultimate outcome.

Petitioner remained unhappy with the AJ's decision to
limit his cross-examination, which he claims was motivat-
ed by racial bias. After "further discussion" with the AJ,
Petitioner "stated that he was withdrawing his appeal
and began to gather his personal belongings." The AJ
explained to Petitioner that the withdrawal of an appeal
would forever remove this case from the Board's jurisdic-
tion, and asked Petitioner if he understood. Petitioner
responded that his withdrawal "means whatever you
want it to mean." The AJ asked a second time whether
Petitioner understood that a withdrawal was final.

---

* Honorable Leonard Davis, Chief Judge, United
States District Court for the Eastern District of Texas,
sitting by designation.

Petitioner again did not directly answer, but stated his intent to pursue his claim with the Equal Employment Opportunity Commission. As Petitioner finished packing, the AJ informed him that if he left the hearing room without answering, the AJ would consider his departure to be an indication that Petitioner understood that his withdrawal was final and that his appeal would be dismissed with prejudice to refiling. Petitioner left the room without further comment.

Petitioner then petitioned the Board for review of the AJ's decision. The Board found that Petitioner had voluntarily and unequivocally withdrawn his appeal, and that he had not shown that his decision to withdraw was involuntary or due to misinformation. Accordingly, the Board affirmed the decision to dismiss the case as withdrawn. Because the withdrawal divested the Board of jurisdiction, the Board did not consider Petitioner's arguments that the AJ was biased and that he had committed procedural errors.

## II

The scope of our review of the Board's decision is limited by statute. We may set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). None of these apply to this case.

As the Board correctly observed, the dismissal of an appeal as withdrawn is an act of finality and, absent unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *See, e.g.*, *Fox v. Dep't of Transportation*, 66 M.S.P.R 12, 13 (1994). "A voluntary withdrawal must be clear, decisive, and unequivocal." *Lincoln v. U.S. Postal Svc.*, 113 M.S.P.R. 486, 490 (2010).

Petitioner's argument on appeal is that the AJ restricted his cross-examination of the witness. But this is not an unusual circumstance, nor is it new or material evidence.

Furthermore, substantial evidence supports the Board's conclusion that Petitioner voluntarily and unequivocally withdrew his appeal. The AJ's affidavit sets out at length the steps that the AJ took to inform Petitioner of the consequences of his decision to withdraw. We discern nothing misleading or incorrect in the affidavit. Petitioner did not dispute the affidavit, nor did he provide significant new evidence for the Board to consider. Because the Board's decision is in accordance with law and is supported by substantial evidence, it is hereby

**AFFIRMED**